Lisa M. Gomez (LG 7357)
Bradley J. Sollars (BS 3353)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                       :

RECYCLING AND GENERAL INDUSTRIAL  :
UNION LOCAL 108 WELFARE FUND by its  :
Trustees Michael Hellstrom, Joseph Bianco, Kevin  :
Walton, and Joseph LoVerde, and  :
 :
RECYCLING AND GENERAL INDUSTRIAL  :
UNION LOCAL 108 PENSION FUND, by its  :
Trustees Michael Hellstrom, Joseph Bianco, Kevin  :
Walton, and Joseph LoVerde, and  :
 :
RECYCLING AND GENERAL INDUSTRIAL  :
UNION LOCAL 108 ANNUITY FUND, by its  :
Trustees Michael Hellstrom  :
and Joseph LoVerde,  :
 :
                       Plaintiff(s),  :
 :
       - against -  :
 :
BEDROC CONTRACTING, LLC,  :
 :
                     Defendant(s).  :
 :
--------------------------------------------------------------X

Civil Action No.:
08-CV-6403

**PETITION**

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiffs Recycling and General Industrial Union Local 108 Welfare Fund, by its

Trustees Michael Hellstrom, Joseph Bianco, Kevin Walton and Joseph LoVerde; Recycling and

General Industrial Union Local 108 Pension Fund, by its Trustees Michael Hellstrom, Joseph Bianco, Kevin Walton and Joseph LoVerde; and Recycling and General Industrial Union Local 108 Annuity Fund, by its Trustees Michael Hellstrom and Joseph LoVerde (hereinafter collectively referred to as "the Funds") by their attorneys, Cohen, Weiss and Simon LLP, as and for their Petition allege as follows:

## NATURE OF THE PROCEEDINGS

1.    This is a proceeding brought by three employee benefit funds to confirm an arbitration award, appended hereto as Exhibit "A", pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. §9 requiring contributions to be paid to the Funds.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. §9.

## VENUE

3.    Venue is proper pursuant to Section 301 of the LMRA, 29 U.S.C. § 185; Section 502 (e) (2) of ERISA, 29 U.S.C. § 1132 (e) (2); and 28 U.S.C. § 1391 (b), as the Funds are administered in this District and the events that gave rise to this action occurred in this District.

## THE PARTIES

4.      Plaintiffs Michael Hellstrom, Joseph Bianco, Kevin Walton and Joseph LoVerde (the "Trustees") are trustees and "fiduciaries" of the Funds, which are employee benefit funds as defined in Section 3 (21) (A) of ERISA, 29 U.S.C. § 1002 (21) (A). The Funds are multiemployer employee benefit plans within the meaning of Sections 3 (3) and 3 (37) (A) of ERISA, 29 U.S.C. §§ 1002 (3) and 1002 (37) (A). The Funds are administered in offices located at 121 East 24th Street, 8th Floor, New York, NY 10010.  The Funds are each established an administered pursuant to separate agreements and declarations of trust (the "Trust Agreements").

5.      Defendant Bedroc Contracting, LLC, (hereinafter referred to as "the Employer") is, upon information and belief, an employer engaged in interstate commerce in the State of New York. The employer is employer within the meaning of Section 101 (2) of the LMRA, 29 U.S.C. §152 (2) and Section 3 (5) of ERISA, 29 U.S.C. § 1002 (5), and, upon information and belief, has at all relevant times maintained its principal place of business at 340 Orient Way, Lyndhurst, New Jersey 07071.

## THE UNDERLYING ARBITRATION PROCEEDING

6.      At all times relevant to this proceeding, the employer and the Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A., (hereinafter referred to as the "Union") were parties to a collective bargaining agreement (the "Collective Bargaining Agreement") covering the terms and conditions of employment of the bargaining unit employees represented by the Union.

7.      The Collective Bargaining Agreement obligates the employer to, *inter alia,* make regular contributions to the Funds and to permit the Funds to conduct audits of the

- 3 -

employer's payroll to determine the accuracy of the contributions.  In the Collective Bargaining Agreement, the employer agreed to "be bound by all the terms, conditions and provisions of the Trust Agreements for the Funds and all rules and regulations of the Trustees thereof, as the same may be amended from time-to-time."

8.    Under the Funds' Trust Agreements, the Plaintiffs are authorized to commence proceedings to enforce the Employer's obligations with respect to contributions and other amounts owed to the Funds through legal or administrative proceedings, including arbitration, and to seek to confirm the arbitrator's final and binding award in court.

9.    The Funds instituted an arbitration before Arbitrator Robert Herzog (the "Arbitrator"), the designated arbitrator under the Funds' Trust Agreements, involving the employer's failure to remit the required contributions to the Funds, as well as to collect interest, liquidated damages and other amounts owed.  Upon giving due notice to the Funds and the Employer, the Arbitrator conducted a hearing on March 7, 2008.  The employer chose not to attend and after hearing all evidence presented, the Arbitrator issued an award dated April 5, 2008. (See Exhibit "A"). The Award was delivered by the Arbitrator to the Funds and the employer. The Arbitrator found that the employer's failure to remit additional contributions due to the Funds was a violation of the Collective Bargaining Agreement and the Trust Agreements and directed the Employer to promptly pay the Funds $132,142.66 as follows:

| | |
|---|---|
| Principal (Contributions) | $94,550.17 |
| Interest | $9,976.03 |
| Past Interest due | $560.18 |
| Attorneys' Fees | $1,500.00 |
| Liquidated damages of 20% | $18,910.03 |
| Audit Costs | $3,496.25 |
| Arbitrator service fees | $2,800.00 |
| Court costs | $350.00 |
| Total Amount: | $132,142.66 |

10. The Award also provided that the Employer was to pay amounts that came due after the entry of the Award.

11. Although not obligated to do so, counsel to the Funds sent a letter dated April 24, 2008 to employer demanding payment of the amounts directed in the award.

12. In the time since the Award was granted, the employer paid the Funds the sum of $9,315.00 towards the principal/contributions owed, which reduced the sum total of the award to $122,827.66.

13. The principal amount listed in the Award included contributions owed through and including the month of February 2008. Since the time of the arbitration hearing, the employer has also failed to pay contributions to the Funds for the months of March 2008 through the present, and additional interest has accrued on the past due contributions.

## FIRST CAUSE OF ACTION

14. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 13 above.

15. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration...then at any time within one year after the award is made any party to the arbitration may apply to the court...for an order confirming the award...."

16. Plaintiffs have demanded payment of the sums found to be due under the Award of April 5, 2008. Bedroc has paid $9,315.00 towards the amounts owed but has failed to satisfy the remainder of the Award.

17.     Plaintiffs now timely seek to confirm the Arbitration Award, dated April 5, 2008 and to reduce the Award to judgment because of the Employer's failure to make the payments directed by the Award.

WHEREFORE, Plaintiffs respectfully pray for an Order and Judgment:

1.     Confirming and entering judgment upon the Award of Robert Herzog, Arbitrator on April 5, 2008, in all respects;

2.     Directing Defendant to pay Plaintiffs the sum of $122,827.66 as follows:

| | |
|---|---|
| Principal/Contributions | $85,235.17 |
| Interest (through 3/7/08) | $9,976.03 |
| Past Interest due | $560.18 |
| Attorneys' Fees | $1,500.00 |
| Liquidated damages of 20% | $18,910.03 |
| Audit Costs | $3,496.25 |
| Arbitrator service fees | $2,800.00 |
| Court costs | $350.00 |
| | |
| Total Amount: | $122,827.66 |

3.     Directing Defendants to pay Plaintiffs the additional interest that has accrued on the unpaid contributions included in the Award, at the rates set forth in the Funds' Trust Agreements;

4.     Directing Defendant to pay Plaintiffs all unpaid contributions that have accrued since the entry of the Award, additional interest that has accrued on unpaid Funds' contributions from March 7, 2008 until such date as the contributions are paid at the rates set forth in the Funds' Trust Agreements, and liquidated damages due on such unpaid contributions, pursuant to Section 502 (g) (2) (B) of ERISA, 29 U.S.C. § 1132 (g) (2) (B) and the Funds' Trust Agreements, and as prescribed by the Federal Arbitration Act, 9 U.S.C. § 9; and

5.     Granting such other and further legal and equitable relief as this Court may deem just and proper, together with the reasonable attorneys' fees pursuant to Section 502

(g) (2) (D) of ERISA, 29 U.S.C. § 1132 (g) (2) (D), and costs and disbursements of this proceeding, and any additional fees and expenses incurred by the Funds in connection with the enforcement of any judgment issued in connection with these proceedings.

Dated:  July 15, 2008
        New York, New York

                                    By: /s/ Bradley J. Sollars
                                        Lisa M. Gomez (LG 7357)
                                        Bradley J. Sollars (BS 3353)
                                        COHEN, WEISS and SIMON LLP
                                        330 West 42nd Street
                                        New York, New York 10036
                                        (212) 563-4100

                                        Attorneys for Plaintiffs